Cite as 2023 Ark. 131

# SUPREME COURT OF ARKANSAS
No. CR–23–1

| | |
|---|---|
| JUSTIN HOWARD PETTY | **Opinion Delivered:** September 28, 2023 |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR–21–486] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BRENT HALTOM, JUDGE |
| APPELLEE | |
| | <u>REMANDED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Justin Petty was convicted of first-degree murder and received a life sentence with a fifteen-year enhancement for firearm use. The sole issue on appeal revolves around the alleged error in the circuit court's denial of his mistrial motion during the guilt phase of the trial.

Subsequent to the completion of briefing, this court issued an order for a status report regarding the relevance of defendant's exhibit 1, a conventionally filed physical disk that was submitted as part of the record but contained no files. In response, the parties jointly advocated for remanding the case to the circuit court. We agree. This court has a responsibility to scrutinize the record for errors in cases resulting in life-imprisonment sentences. Therefore, we remand the matter to the circuit court to settle the record.

The trial featured the State's presentation of surveillance footage from various cameras situated at the scene of the murder, consolidated within State's exhibit 8. Despite

the defense's intent to admit all five videos contained in State's exhibit 8, the State opted to introduce footage of three videos from just two cameras. Following defense counsel's cross-examination of a witness, Alexis Forbes, and the presentation of previously unadmitted footage from a hallway, the defendant asked to provide a physical exhibit containing the footage the following day. That exhibit, defendant's exhibit 1, was provided in the form of a disk that was discovered on appeal to contain no files.

The situation warrants careful consideration, as it is plausible that defendant's exhibit 1 is a component of State's exhibit 8. Arkansas Supreme Court Administrative Order No. 4(a) mandates the maintenance of a comprehensive record for all legal proceedings. It specifically states that the circuit court is responsible for instructing the official court reporter to create a verbatim record of all proceedings. Additionally, Ark. Code Ann. § 16-13-510(a) (Supp. 2021) stipulates the necessity for "a complete record of the proceedings" in "all cases before a circuit court." In cases where material information pertinent to either party is inadvertently omitted from the record, we possess the authority to issue directives for the correction of such omissions. If deemed necessary, we can also ensure the certification and transmission of a supplemental record to rectify any gaps in the existing record. Ark. R. App. P.–Civ. 6(e).

Hence, it is ordered that this case be remanded to the circuit court. The remand serves the purpose of accurately settling the record, specifically concerning defendant's exhibit 1.

Remanded.

BAKER and HUDSON, JJ., concur.

2

**KAREN R. BAKER, Justice, concurring.** I concur with the majority's decision to remand the case to the circuit court to settle the record; however, I write separately to highlight the unconditional nature of this court's obligations grounded in Arkansas Supreme Court Rule 4–3(a). Pursuant to Rule 4–3(a), "[w]hen the sentence is death or life imprisonment, the Court *must* review all errors prejudicial to the appellant[.]" (Emphasis added.) As the majority properly notes, "[t]his court has a responsibility to scrutinize the record for errors in cases resulting in life-imprisonment sentences."

Here, after it was discovered that the record was deficient, a majority of this court inexplicably ordered the parties to "file a status report on the relevance, if any, of the missing exhibit." Regardless of its asserted relevance, defendant's exhibit 1 was submitted as part of the record in the present case, and in light of our obligation to review the record for prejudicial error, the record must be settled. The fact that the parties correctly concluded that the better course of action is to remand the case to settle the record is of no moment, as the parties do not have the authority to waive or dictate the terms of our compliance with Rule 4–3(a).

Accordingly, I concur with the majority's decision to now remand the case to the circuit court to settle the record because this is consistent with my initial vote as reflected in this court's order directing the parties to file a status report.

HUDSON, J., joins.

*James & Streit*, by: *Jonathan R. Streit*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.