Cite as 2025 Ark. 44

# SUPREME COURT OF ARKANSAS

**No.** CR–23–401

| | |
|---|---|
| | **Opinion Delivered:** April 17, 2025 |
| MORGAN WEATHERFORD <br> APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT [NO. 42BCR-19-95] |
| V. | |
| STATE OF ARKANSAS <br> APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | <u>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD</u>. |

**PER CURIAM**

On December 16, 2022, a Logan County Circuit Court jury convicted appellant, Morgan Weatherford, of first-degree murder, residential burglary, and theft of property, for which he was sentenced to life imprisonment, twenty years' imprisonment with a $15,000 fine, and six years' imprisonment with a $10,000 fine, respectively. The jury imposed a ten-year-sentence enhancement for the commission of first-degree murder in the presence of a child pursuant to Ark. Code Ann. § 5-4-702(a)(2) (Supp. 2021). Weatherford's sentences are to be served consecutively. On appeal, Weatherford challenges the sufficiency of the evidence supporting his convictions and the sentence enhancement, the circuit court's denial of his motions to suppress his statements to law enforcement, the circuit court's decision to allow certain autopsy photographs to be introduced at trial, and the circuit court's decision to exclude mitigating sentencing evidence.

Relevant to his appeal, Weatherford sat for two interviews with law enforcement during the course of the investigation—one on September 4, 2019, and one on September 5, 2019. At trial, the State introduced audio and video recordings of Weatherford's custodial statements given during those interviews. While we do have a verbatim record of the in-court audio played for the jury from State's exhibit 81, the jump drive containing the audio file is missing from the record. State's exhibit 81 is a recording of Weatherford's full September 4 interview with Special Agent Phillip Pierce with the Arkansas State Police, and the substance of this interview serves as one of the bases for his convictions.

This court must scrutinize the record for all errors prejudicial to the appellant in cases resulting in life-imprisonment sentences. *See* Ark. Sup. Ct. R. 4-3(a). In order to conduct this review, we must have a complete record. Moreover, because Weatherford challenges the sufficiency of the evidence and the admissibility of the September 4 and 5 statements he made to law enforcement, the missing audio recording of his full September 4 interview is essential for our review of the issues raised on appeal. As we have previously explained, "In cases where material information pertinent to either party is inadvertently omitted from the record, we possess the authority to issue directives for the correction of such omissions. If deemed necessary, we can also ensure the certification and transmission of a supplemental record to rectify any gaps in the existing record." *Petty v. State*, 2023 Ark. 131, at 2; *see also* Ark. R. App. P. Civ.–6(e).

Accordingly, in accordance with Arkansas Rule of Appellate Procedure–Civil 6(e), as applicable through Arkansas Rule of Appellate Procedure–Criminal 4(a), we remand this

case to the circuit court to settle and supplement the record. We encourage counsel to review our rules to ensure that no other deficiencies are present.

Remanded to settle and supplement the record.

Special Justices MARK ALLISON and DAVID PARKER join.

WOOD and BRONNI, JJ., not participating.

*Erin W. Lewis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.